In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3039

MARK A. WEISS,

*Plaintiff-Appellant,*

*v.*

WAYNE BARRIBEAU, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 15 C 1165 — **Charles N. Clevert, Jr.**, *Judge.*

SUBMITTED MARCH 27, 2017 — DECIDED APRIL 7, 2017

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* Mark Weiss, a Wisconsin inmate, claims in this suit under 42 U.S.C. § 1983 that Department of Corrections employees failed to prevent a February 26, 2014, assault by his cellmate that resulted in a broken ankle for Weiss, and that they left his broken ankle untreated for

months in violation of the Eighth Amendment to the Constitution, which of course forbids cruel and unusual punishments. The district court granted summary judgment for the defendants on the ground that Weiss had failed to exhaust his administrative remedies before suing, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Yet the defendants did not contest Weiss's factual allegations, which included an allegation that before the assault by his cellmate he had repeatedly asked to be moved to a different cell because, as he had told the guards, his cellmate was threatening him. The guards did nothing and when after the fight Weiss complained that his ankle felt broken and requested an x-ray, the medical staff refused, deeming the injury (without evidence) to be merely a sprain. Although Weiss was obviously in great pain, even his request for an ice pack was refused. And he was disciplined for fighting and on March 18 appeared before the prison's Program Review Committee, which ordered him transferred from the prison (the Racine Correctional Institution) to a mental-health treatment center, and he was transferred a week, or perhaps as much as three weeks, later. The treatment center's staff obtained a court order authorizing the administration of psychotropic medicine to him. The medicine produced serious side effects, such as causing him to, as he put it, engage in "bizarre behaviors" and "make bad decisions."

Not until six months after the injury was the ankle x-rayed. The x-ray revealed the break and at last Weiss, who had been in constant pain since the injury, received treatment.

Back on March 10, when he still was incarcerated in the Racine Correctional Institution, he had submitted a timely

complaint about his treatment to the prison's complaint examiner—who returned his complaint the next day with written instructions to seek a resolution of his grievance with his unit manager, adding that Weiss could resubmit the complaint within 14 days if unable to resolve the issue informally. But it was during those two weeks that Weiss had appeared before the Program Review Committee, and he was transferred to the mental-health facility after the March 25 deadline to resubmit the complaint had come and gone without his resubmitting it. A psychologist employed by the state later reported that the transfer had been prompted by "active symptoms of a major Mental Illness, Bipolar Disorder" on the part of Weiss.

While still confined in the mental-health center, Weiss on August 18 submitted a second administrative complaint about the fight and its aftermath, this one noting that the broken bone in his ankle had finally been diagnosed by x-ray the previous week and at last treated. The complaint was rejected as untimely, but the complaint examiner failed to explain how the complaint could be late given that until his ankle had been x-rayed Weiss had been told it wasn't broken. Nor did the examiner explain why it was too late for Weiss to file a grievance about an untreated injury that had caused continuous pain ever since the fight in which the injury had been inflicted. In *Cesal v. Moats*, No. 15-2562, 2017 WL 1046113, at *5–6 (7th Cir. Mar. 20, 2017), we held that a cause of action accrues on the date of the last incidence of an ongoing harm, and in *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001), we remarked that every day that the defendants had "prolonged [an inmate's] agony by not treating his painful condition marked a fresh infliction of punishment."

The complaint examiner's correspondence notes that Weiss could appeal the rejection of his complaint within 10 days, see Wis. Admin. Code § DOC 310.11(6), but the correspondence was addressed to Weiss at Racine, where he no longer was, rather than at the mental health center, and the defendants failed to establish that the correspondence had been delivered to him. Furthermore, during the time allotted to Weiss for exhausting his administrative remedies, he was being treated for mental illness at the insistence of the administrators of the mental health center. In his response to the defendants' motion for summary judgment, he pointed out that during that period he had been "heavily medicated" with "mind altering psychotropic drugs" and suffering from "mental health issues to where I was hav[ing] big problems with psychotropic medications that impaired my ability to write, or get the proper information on the grievance forms." He added that his ability to exhaust his remedies was further hampered by "the pain and suffering" caused by "the wrong psychotropic medicines," and by his involuntary commitment and forced treatment at the mental-health center. Weiss later filed a motion requesting an evidentiary hearing, see *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), pointing out that his transfer from Racine to the mental-health center had prevented him from exhausting his administrative remedies because none of the required forms was available at the center and the procedures were too numerous and ambiguous for him to comply with.

Yet the district court granted summary judgment for the defendants, accepting their contention that Weiss had failed to exhaust his administrative remedies because he had not resubmitted his March 10 administrative complaint or filed an appeal from the rejection of his second such complaint,

which he had submitted on August 18. The court denied Weiss's motion for a hearing, deeming the motion not "appropriately before the court" because Weiss had filed it after responding to the defendants' motion for summary judgment without seeking leave to supplement that response.

The dismissal was premature. As Weiss points out, the district court ignored the fact that he'd "d[one] the best he could do under the circumstances," given his transfer to the mental-health center and, once he was there, being forced to take psychotropic drugs that muddled his thinking.

Obviously prisoners can't be required to exhaust remedies that are unavailable to them, *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016), which they are if the prisoner can't obtain or complete the forms required to invoke them. *Id.*; see also *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015); Alison M. Mikkor, "Correcting for Bias and Blind Spots in PLRA Exhaustion Law," 21 *George Mason Law Review* 573, 616 (2014). That was Weiss's situation. And Wisconsin law acknowledges that some inmates, including the "impaired, handicapped, or illiterate," may need assistance to be able to file grievances, and orders prison administrators not to "exclude" such inmates from "full participation" in the procedure. Wis. Admin. Code § DOC 310.09(7). The district court knew that Weiss was grappling with a serious mental illness during the time that he was supposed to have been exhausting his administrative remedies, but the defendants failed to explain to the court how he could have pursued his remedies while suffering a mental breakdown requiring hospitalization, especially given the lack of evidence that Weiss received the correspondence rejecting his August 18 administrative complaint, correspondence that would have told him

what his next step to obtain relief should be. Even if he did receive that response, however, Weiss was still being treated at the mental-health center when it was sent. Given the questionable state of his mental stability at the time, we cannot have any confidence that administrative remedies actually were available to him.

The suit was dismissed prematurely. The judgment of the district court is reversed and the case remanded for further proceedings consistent with this opinion.