**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2018[*]
Decided February 1, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-1012

| | |
|---|---|
| PAUL SIMONS,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>JOSEPH FOX,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14 C 309<br><br>Harry D. Leinenweber,<br>*Judge*. |

## O R D E R

This appeal is principally about the propriety of sanctions against a litigant, Joseph Fox. In the underlying suit, Paul Simons, the former CEO of Ditto Trade (a financial-services firm) and executive vice president of Ditto Holdings (Ditto Trade's holding company), was pitted against the Ditto entities and Fox, the founder and former CEO of Ditto Holdings. Simons sued Fox for firing him for uncovering Fox's violations of corporate and securities laws. Fox then countersued Simons for

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

defamation. Throughout the acrimonious litigation, Fox asserted that Simons lied in order to destroy Fox's companies. Rather than prove that assertion with evidence tested in the adversarial process, Fox obstructed Simons's discovery. This led to sanctions and the dismissal of Fox's counterclaim. Fox appeals the orders leading up to that dismissal. He presents no persuasive reason to disturb the district judge's fair and patient approach to managing the case, so we affirm.

When discovery began in 2015, the district judge had allowed several claims to go forward. Simons had claims against Fox for retaliatory discharge, wage withholding, and defamation. Fox maintained his counterclaim against Simons for defamation. (The corporate parties had counterclaims, too, but they are irrelevant to this appeal.) From the outset of discovery, Fox repeatedly refused Simons's discovery requests. He did not produce documents that he possessed or controlled, including documents that he had cited in his defamation counterclaim (such as a letter containing Simons's allegedly defamatory statements). Likewise he did not produce relevant emails and text messages that he had both sent and received. Fox was also an uncooperative deponent. He was scheduled for two days of depositions—one as the corporate representative and one as himself. But he stopped the corporate deposition early and refused to return the next day for his own deposition. To top it off, Fox violated court orders. He disseminated information from Simons's deposition in emails to shareholders, even though the deposition was protected at the time by a confidentiality order.

More difficulties ensued throughout the next year, leading to the dismissal of Fox's counterclaim. By November 2016—over a year after discovery had begun—the attorneys who had represented Fox and his companies had withdrawn, and Simons had obtained a default judgment against the companies. Now litigating his defamation counterclaim pro se, Fox still refused to produce requested documents, even though the district judge directed Fox in at least three separate orders to do so. Growing frustrated with Fox, the judge sanctioned him with a fine for refusing to be deposed. The fine was approximately $45,000, reflecting Simons's reasonable attorneys' fees. When Fox did not pay, the judge held him in contempt of court, ordering him to pay $500 every day he remained in contempt for failing to pay the fine. The judge explained that his patience had been "worn thin" by Fox's "discovery obstructions and dilatory tactics" and violations of court orders. Yet Fox paid nothing, remaining in contempt of court. He continued to refuse to turn over documents and tried to litigate the merits of the lawsuit through motions to sanction Simons and his attorney and motions to "reconsider" the sanctions the judge had imposed on him. The district judge had then had enough. After Fox asserted that he lacked funds to pay any fines, the judge entered an alternative

sanction. He dismissed the defamation counterclaim as the sanction for Fox's unremediated obstruction.

At this point the only remaining claims were the original ones that Simons had brought against Fox. Fox sought summary judgment on those claims. But Simons was weary with litigating against a "vexatious" pro se litigant who still had not produced documents that were apparently within his control. So Simons voluntarily moved to dismiss his remaining claims to end the case. The district judge granted Simons's motion, dismissed Simons's claims without prejudice, and closed the case.

Before addressing Fox's appeal, we pause to consider our jurisdiction. A dismissal without prejudice, as occurred here with respect to Simons's claims against Fox, is not typically a final order for purposes of appellate jurisdiction. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016). But this case is not typical, and we do have a final, appealable order. In seeking voluntary dismissal, Simons stated that he was finished forever with this side of the litigation. And the judge already had entered judgment with prejudice against the Ditto entities and Fox on their various counterclaims. With nothing remaining, the judge ruled that the case was "terminated." We thus have "multiple indicia that the district court was finished with the case," *id*. at 841. So our appellate jurisdiction is secure.

We turn to the merits. Fox devotes almost half of his opening brief to arguing that Simons based his claims on lies. But that contention requires evidence that has been tested in the adversarial process. Fox does not have such evidence because he shunned the adversarial process when he ignored his discovery obligations. That is why the district court dismissed his counterclaim. And Fox does not challenge that dismissal, nor could he. The district judge reasonably dismissed Fox's counterclaim as a sanction for Fox's belligerence. By refusing to sit for depositions, failing to produce documents in response to court orders, and violating the court's discovery orders, Fox lost his privilege to litigate his claim and contentions about "lies." FED. R. CIV. P. 37(b)(2)(A)(v); *Domanus v. Lewicki*, 742 F.3d 290, 301–02 (7th Cir. 2014) (failure to justify refusal to sit for deposition or produce documents supported dismissal as sanction).

Fox does challenge the sanctions that preceded the dismissal. We may review those challenges. When we are presented with the dismissal of claims as a sanction, "we weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." *Domanus*, 742 F.3d at 301 (quoting *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011)). But Fox's challenges to those earlier orders are all meritless.

Fox first argues that the district judge should not have sanctioned him for refusing to attend the depositions. We review the imposition of that sanction for abuse of discretion. *See Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Fox argues that he left the depositions for a good reason. He told the district judge that in the middle of his deposition he was notified that the Ditto entities were closing and he needed to attend to the closing business. The district judge permissibly rejected this excuse. The judge observed that the "business" that Fox referred to involved only filling out a short form. Moreover Fox spent his time after leaving his deposition writing an email tirade to shareholders about Simons. Without giving any further specifics, Fox repeats on appeal that he left the depositions for urgent business. But conclusory assertions cannot overcome the judge's reasonable exercise of discretion in sanctioning Fox for leaving his depositions. *See id*. at 696–97 (refusal to be deposed justified discovery sanctions).

Fox next argues that the judge should have granted his motions to reconsider the sanctions against him. We review the judge's denial of reconsideration for abuse of discretion. *See Wickens v. Shell Oil Co.*, 620 F.3d 747, 758–59 (7th Cir. 2010). The judge denied Fox's motions as "untimely." Fox contends that his motions invoked Federal Rules of Civil Procedure 60(b)(3) and (6), which allow reconsideration of an order within a year for "fraud . . . misrepresentation, or misconduct by an opposing party" or "any other reason that justifies relief." We need not decide the relevance of Rule 60(b) to the pre-judgment orders because the judge's ruling was in any event reasonable. The judge was bothered that Fox was inundating the court with rehashed arguments that it had already rejected about the merits of his and Simons's claims. A district court does not abuse its discretion under *any* rule in refusing to reconsider already rejected contentions. *See Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). On appeal Fox shifts to a new concern about the sanctions—his previous attorney's performance in responding to them—but such arguments do not belong in a suit against Simons. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

Fox next contends that the judge improperly denied "out of hand" his own motions for sanctions against Simons and Simons's attorney for their "perjury." Fox filed two of these motions while the case was pending, and a third after final judgment. We review these denials for abuse of discretion. *See Nemsky v. ConocoPhillips Co.*, 574 F.3d 859, 868 (7th Cir. 2009). We find no fault with the judge's terse treatment of Fox's motions, however. *Cf. Katz v. Household Int'l, Inc.*, 36 F.3d 670, 673 (7th Cir. 1994) ("even a perfunctory order" may be sufficient if denial of sanctions was appropriate from face of record). While the case was pending, the judge explained to Fox that his arguments went to the merits, so they should be brought in a substantive motion, such

as one for summary judgment. When Fox persisted in filing a similar motion (the third one) after final judgment, the judge told Fox he would not consider the motion because the case was over and it presented nothing new. This approach was eminently reasonable. *See Karraker*, 411 F.3d at 837.

Fox responds that he *did* move for summary judgment, but the judge, Fox argues, wrongly allowed Simons to dismiss voluntarily his claims against Fox and end the case, instead of ruling on his motion, which he believes he was going to win. Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff to dismiss claims voluntarily at any time "on terms that the court considers proper." A defendant can prevent such voluntary dismissal only by showing that "plain legal prejudice" will result. *Wojtas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007). Fox has not shown this. Although it is relevant that Fox had moved for summary judgment before the dismissal, *see Kunz v. DeFelice*, 538 F.3d 667, 677–78 (7th Cir. 2008), the pendency of his motion is not enough to show prejudice, *see Tyco Laboratories, Inc. v. Koppers Company, Inc.*, 627 F.2d 54, 56–57 (7th Cir. 1980). At the time of dismissal, Fox was in contempt of court, and he showed no prospect of respecting his long-ignored discovery obligations. A judge may reasonably demand compliance with discovery before considering a motion for summary judgment. *See* FED. R. CIV. P. 16(e), (f); 56(d)(2); *Grayson v. O'Neill*, 308 F.3d 808, 815 (7th Cir. 2002). Fox therefore cannot show prejudice from the judge allowing Simons to dismiss his claims voluntarily and end the case.

Fox has one last argument that warrants brief discussion. He contends that the district judge was biased and should have disqualified himself. But the only support Fox puts forth for this contention is that the judge ruled against him. Judicial rulings, even those that "are critical or disapproving of, or even hostile to" a party, do not constitute a valid basis for disqualification except in the "rarest circumstances" in which "deep-seated favoritism or antagonism" makes fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see In re City of Milwaukee*, 788 F.3d 717, 720 (7th Cir. 2015). Fox has not shown any inappropriate favoritism or antagonism here.

We have considered Fox's remaining arguments, and none merits discussion. Accordingly the judgment is AFFIRMED, and Fox's motion to stay enforcement of the money judgment entered against him is DENIED.