In the

# United States Court of Appeals
## For the Seventh Circuit

No. 01-4312

WAYPOINT AVIATION SERVICES INC. and
SALVATORE CINQUEGRANI,

*Plaintiffs-Appellants*,

*v.*

SANDEL AVIONICS, INC., and HONEYWELL
INTERNATIONAL INC.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 01 C 1805—**Charles P. Kocoras**, *Judge.*

ARGUED OCTOBER 17, 2006—DECIDED NOVEMBER 30, 2006

Before EASTERBROOK, *Chief Judge*, and BAUER and
FLAUM, *Circuit Judges*.

EASTERBROOK, *Chief Judge.* In 1999 Waypoint Aviation
purchased a Bravo M20M airplane from Mooney Aircraft.
According to Waypoint's complaint in this suit under the
Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-12, the
plane was unsafe and Mooney was unable or unwilling to
fix it yet refused to take the plane off Waypoint's hands and
refund the purchase price. See 15 U.S.C. §2304(a)(4). The
district court dismissed the complaint under Fed. R. Civ. P.
12(b)(6) for failure to state a claim on which relief may be

granted. 2001 U.S. Dist. LEXIS 7802 (N.D. Ill. June 7, 2001). Mooney entered bankruptcy shortly after the district court's decision, and the automatic stay put the appeal on hold. Waypoint dismissed Mooney Aircraft as a party early in 2006 (though Mooney had emerged from bankruptcy in 2004), and appellate proceedings resumed.

After reading Waypoint's brief, which was filed after Mooney's dismissal, the judges were left scratching their heads. What is the point of further litigation about a warranty issued by an entity that is no longer a party? The district court's reason for dismissing the complaint was that the Magnuson-Moss Warranty Act applies only to consumer products, a term that means "tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes". 15 U.S.C. §2301(1). The district judge concluded that an airplane cannot be a consumer product, even if its principal use is personal transportation or recreation.

That's a problematic conclusion. "Airplanes" is too large a category for analysis. In a suit by a purchaser of an automobile, a court would not say that "motor vehicles" is the category and that, because locomotives, military tanks, commercial tractor-trailer rigs, and 5000-ton draglines used to dig coal are not consumer products, an automobile or recreational vehicle isn't one either. Analysis must be more fine-grained, and on a motion to dismiss the complaint a court must indulge every factual assumption in the plaintiff's favor. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Just as personal cars are consumer products even though 60-passenger busses are not, single-engine planes used for personal transport or recreation may be consumer products even though Antonov 225s and skycrane helicopters are not. That the FTC 30 years ago amended a policy statement to delete airplanes from its compendium of consumer products, see 41 Fed. Reg. 26757 (1976), does not establish that all aircraft are *not* consumer products; it just

means that there is no governing regulation. Times change; more consumers fly personal airplanes now than they did 30 years ago. A computer 30 years ago would not have been a consumer product; today personal computers are ubiquitous. What's more, a policy statement is not a regulation to begin with.

But this is by the by. Because Mooney is no longer a party, we supposed that Waypoint's brief would devote its attention to the other two defendants, whose equipment in the plane had been covered by separate warranties. No such luck. Waypoint's brief argued at length that small planes with internal-combustion engines are consumer products. The remaining defendants (Sandel Avionics and Honeywell) denied that proposition and observed only in passing that it does not matter to the litigation. Waypoint's reply brief, which reads as if Mooney were the only defendant, returns to the theme that small planes can be consumer products.

What is a court to make of this? If the Magnuson-Moss Act or its implementing regulations contained a rule that components of an object are covered if and only if the object is a "consumer product," then the briefs' focus would be appropriate. Likewise if Sandel or Honeywell had warranted that the plane would operate properly if the products they supplied did. But that's not what their warranties say. They cover only the equipment independent of the airframe, and they run directly to the purchaser rather than through Mooney. So the question then is whether the status of a component as a "consumer product" depends on the classification of the larger product with which it works. Yet there is no such link. Consider a home air conditioning system. Real property is not a "consumer product" (the definition is limited to "tangible personal property"), but items in or on real property can be "consumer products" even though they are fixtures. See 15 U.S.C. §2301(1); 16 C.F.R. §700.1(d).

Likewise gear used in an airplane could be a consumer product even if the plane is not. One example is a flashlight used to illuminate maps at night. So we need to know whether the electronics that Sandel and Honeywell supplied, and warranted directly to the purchaser, are consumer products. If the principal use of such equipment is in military jets and large commercial planes, then surely not; but if the products are normally used directly by consumers (perhaps in automobiles or boats) they could be "consumer products" even if all airplanes are outside the statute.

Waypoint has forfeited any opportunity to explore this question by ignoring the subject in the appellate briefs. When asked at oral argument why, counsel replied that he had not raised the question in the district court and therefore thought himself unable to raise it now. That candid answer, which the court appreciates, exposes an irreparable problem in the litigation. Sandel and Honeywell were afterthoughts in the district court, and now that they have become the sole defendants it is too late to start the process of framing claims against them. If Waypoint's plan was to ignore them, why make them defendants in the first place? But ignored they were.

A few odds and ends before we close. Salvatore Cinquegrani, who owns all of Waypoint's stock, is an additional plaintiff. Yet Cinquegrani has no personal claim. His injury, if any, is derivative. See *Mid-State Fertilizer Co. v. Exchange National Bank*, 877 F.2d 1333 (7th Cir. 1989). Whether this defect is one of prudential standing or constitutional standing does not matter.

There is a second problem with the judgment. Initially the district court dismissed the suit without prejudice—which not only is inapt (dismissals under Rule 12(b)(6) logically are with prejudice) but also called appellate jurisdiction into question. Back in 2001 this court issued an order directing the district court to enter a proper final

judgment. The district court then entered a document providing, in full: "[t]he District Court hereby enters a final judgment in this case." That missed the mark. A judgment must specify the relief to which the prevailing party is entitled. See *Foremost Sales Promotions, Inc. v. Director, BATF*, 812 F.2d 1044 (7th Cir. 1987). It is clear enough from this statement that the district judge has washed his hands of the case, so we have appellate jurisdiction, but entry of a proper judgment remains essential.

The decision of the district court is vacated, and the case is remanded with instructions to (a) dismiss Cinquegrani's claims for want of standing, and (b) dismiss Waypoint's claims against Sandel and Honeywell, with prejudice, for failure to present any factual or legal arguments concerning these parties.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*