In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-3989

TAMIKIA TAYLOR-HOLMES,

*Plaintiff-Appellant*,

*v.*

OFFICE OF THE COOK COUNTY PUBLIC GUARDIAN,

*Defendant-Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 2668—**Rebecca R. Pallmeyer**, *Judge*.

_____

SUBMITTED APRIL 4, 2007—DECIDED SEPTEMBER 24, 2007

_____

Before POSNER, WOOD, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*.  The plaintiff, who does not have a lawyer, filed four closely related suits in the federal district court in Chicago, all complaining that her children had been removed from her custody in violation of law. The cases were randomly assigned to separate judges. The first suit was assigned to Judge Nordberg and then Judge Gottschall. It charged that Lifelink Corporation, a provider of social services, had failed to make reasonable efforts to reunite the plaintiff's family, unreasonably denied visitation rights to her, subjected her children to

cruel and unusual punishments, falsified records, and discriminated against her on the basis of her race and her religion. Judge Gottschall dismissed the complaint for failure to state a claim, and the plaintiff did not appeal. Another suit was assigned to Judge Darrah. In it the plaintiff alleged that the office of the state's attorney had tampered with her records, fraudulently represented her children at hearings, and discriminated against her on the basis, again, of her race and her religion. Judge Darrah dismissed the suit for want of prosecution, and again she did not appeal. Another suit, assigned to Judge Zagel, alleged that the Illinois Department of Children and Family Services had fraudulently induced the plaintiff to release her children to its custody and had not acted in the best interests of her children, in violation of Illinois law. Judge Zagel dismissed the suit in part for want of jurisdiction and otherwise for failure to state a claim; and again the plaintiff did not appeal.

In the present suit, the plaintiff charges that the Cook County Public Guardian did not act in the best interests of her children, failed to disclose relevant records at custody hearings, falsified or otherwise tampered with records, participated in secret hearings, delayed proceedings, and discriminated against her on the basis of her race and religion. Judge Pallmeyer dismissed the complaint without prejudice, before the plaintiff's other three cases had been decided, on the ground that it duplicated the other lawsuits. This time the plaintiff has appealed. Although no Rule 58 final judgment order was entered, ten days after the dismissal the plaintiff filed a notice of appeal and also moved the district judge to consolidate the plaintiff's four cases. The judge told the plaintiff to refile the motion with Judge Gottschall, which the plaintiff

did—though she had previously filed a similar motion with that judge. Having already dismissed the plaintiff's suit that was pending before her, Judge Gottschall dismissed both motions as moot.

The district court's rules provide for the filing of a "motion for reassignment" in order to place related cases before one judge. N.D. Ill. R. 40.4. The motion is to be filed in the case with the lowest docket number, and that was the case before Judge Nordberg (later Judge Gottschall). Why none of the judges asked the Executive Committee of the Northern District to reassign the cases to a single judge, an alternative route to consolidation, authorized by Rule 40.1(d), is a mystery.

Two days after dismissing the plaintiff's complaint, Judge Pallmeyer wrote the following letter to the plaintiff:

> You filed two documents in this case yesterday. In the first filing, you asked that the court consolidate all pending cases. You observed, correctly, that you do not require "multiple judges or multiple schedules, since these cases are all similar in nature." I believe my deputy explained that you should file your motion to consolidate before the judge who has the lowest-numbered case. Judge Nordberg had the lowest-numbered case, but I understand his case was reassigned to Judge Gottschall. If I am correct about these things, you should file your motion for consolidation before Judge Gottschall.
>
> In your second filing, a Notice of Appeal, you state that the case filed before me "is not a duplicate case." I understood that you were in fact presenting the same claims in each of the four lawsuits you have on file here. [The defendants were different, but the claims

similar and the plaintiff accused them of conspiring against her.] If that is not correct, please let me know. Finally, I want to assure you that there have been no "secret meetings" between Attorney Jacobs and me. My only contacts with this case have been scheduled matters in the courtroom and written rulings. I have had no private conversations with Attorney Jacobs about this case or any other.

Jacobs was the defendant's lawyer, and the judge sent a copy of her letter to him. The plaintiff did not reply to the letter.

We can understand the judge's desire to straighten out a confused pro se litigant, but writing her a letter, especially one subject to misinterpretation, was not the right way to go about it. Correspondence with a litigant can result in communications that are outside the record maintained by the court clerk and can confuse the litigant (and by the same token the other party or parties to the case), who would not know in what form to reply and what the deadline for the reply would be. It was particularly confusing in this case because the litigant had already filed a notice of appeal and so found herself proceeding in two courts at once by virtue of the judge's letter. She might even have thought that the district judge had lost jurisdiction over the case by virtue of the filing of the notice of appeal. Because, as we're about to see, the appeal was taken from an unappealable order, the district court in fact retained jurisdiction, *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982); 20 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 303.32(2)(b)(iv)(B) (3d ed. 2007), but the plaintiff evidently believed that the order was appealable, because she filed a notice of appeal.

A decision is appealable under 28 U.S.C. § 1291 as a final decision (and the dismissal of this case could not have

been appealed otherwise than under that section) only if the district court is "finished with the case." *Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725, 726 (7th Cir. 2006); *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003); see also *Catlin v. United States*, 324 U.S. 229, 233 (1945); *In re Brown*, 484 F.3d 1116, 1120 (9th Cir. 2007). A dismissal without prejudice is an appealable final order if it ends the suit so far as the district court is concerned, *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n. 1 (1949), or if "there is no amendment a plaintiff could reasonably be expected to offer to save the complaint, or if a new suit would be barred by the statute of limitations." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); see also *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006); *Moya v. Schollenbarger*, 465 F.3d 444, 450-51 (10th Cir. 2006). But a dismissal without prejudice is not appealable if it amounts to merely telling the plaintiff "to patch up the complaint, or take some other easily accomplished step"; in that event it "is no more reviewable than the resolution of a discovery dispute or equivalent interlocutory ruling." *Strong v. David*, 297 F.3d 646, 648 (7th Cir. 2002); see also *Moya v. Schollenbarger, supra*, 465 F.3d at 451; *Ciralsky v. CIA*, 355 F.3d 661, 666 n. 1 (D.C. Cir. 2004); *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005).

The appeal must therefore be dismissed for want of appellate jurisdiction. Judge Pallmeyer indicated in her letter that she would rescind the dismissal if the plaintiff explained why her suit wasn't a duplicate of the other suits. That was an awkward mode of proceeding. The judge could and should have asked for this clarification before dismissing the suit. Still, it is clear that the judge doesn't think she's through with the case, and therefore the order of dismissal is nonfinal and unappealable. For

guidance on remand, we point out that the fact that the plaintiff has filed similar suits against other defendants is not a compelling reason for dismissing the plaintiff's only suit against the defendant in this case. Similarity of cases is a reason for consolidation, not dismissal. This appeal, however, must be

DISMISSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*