**ON COMMAND VIDEO CORPO-
RATION, Plaintiff–Appellee,**

v.

**Samuel J. ROTI, Defendant–Appellant.**

No. 11–1898.

United States Court of Appeals,
Seventh Circuit.

Nov. 21, 2011.

Steven Shebar, Attorney, Oak Park, IL, for Plaintiff–Appellee.

David B. Goroff, Attorney, Foley & Lardner, LLP, Chicago, IL, for Defendant–Appellant.

Before DANIEL A. MANION, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge, JOHN DANIEL TINDER, Circuit Judge.

## ORDER

We have jurisdiction under 28 U.S.C. § 1291 only if the judgment of the district court is final. *India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651, 657 (7th Cir.2010). "[T]he dismissal of one claim or theory without prejudice, with a right to reactivate that claim after an appeal on the remaining theories, makes the judgment non-final." *First Health Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 801 (7th Cir.2001). That describes this case exactly: On Command Video dismissed one of its claims, fraud, without prejudice and obtained an order stating that it may reactivate that claim if the grant of summary judgment in favor of its other claim, veil piercing, is not affirmed. Therefore, we do not have jurisdiction and dismiss the appeal.

To be clear, we are not suggesting that a dismissal without prejudice is always non-final. *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 636 (7th Cir. 2010). Dismissal without prejudice *will* be final when the district court is "finished with the case." *Hill v. Potter*, 352 F.3d 1142,1144 (7th Cir.2003). Most notably, the district court will be "finished" where a defect, such as the absence of diversity jurisdiction, *Am. Nat'l Bank & Trust Co. v. Equitable Life*, 406 F.3d 867, 875 (7th Cir.2005), or an expired statute of limitations, *Taylor–Holmes v. Office of the Cook Cnty. Pub. Guardian*, 503 F.3d 607, 610

(7th Cir.2007), bars reinstatement of any outstanding claims.

In this case, the district court is not finished. The district court's April 14, 2011, Judgment Order declares that if its grant of summary judgment on the veil piercing claim "is reversed ... Plaintiff's dismissal without prejudice may be vacated and shall be no bar to Plaintiff's reinstatement of its claim for fraud against Defendant." The fact that at a subsequent hearing the district judge said that he "felt ... finished" changes nothing. In considering whether the district court is done with a case, we are not concerned with the judge's subjective intent but, quite simply, whether the case can be reinstated. If a "start over" is possible, then the district court is not finished, declarations of doneness not withstanding. *Arrow Gear*, 629 F.3d at 637. The district court's Judgment Order makes it plain: "This is a 'start over' case." *Id.*

Roti argues (briefly) that reinstatement is impossible because On Command Video's fraud claim is barred by the statute of limitations. On Command Video, of course, disagrees. Given the district court's repeated statements that On Command Video's fraud claim *can* be reinstated—made without a hint that the claim might not be viable—we are not going to reach out and decide the statute of limitations question as a means of securing jurisdiction.

There is one more way that we could obtain jurisdiction. "Our precedent provides that when the party's counsel explicitly agrees at oral argument to treat the dismissal of the claim as having been with prejudice, our bar to jurisdiction is lifted." *Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co.*, 600 F.3d 878, 883 (7th Cir.2010). In this case, however, we will not proceed that way. At a minimum, On Command Video has been aware of the problem with jurisdiction for this appeal since we ordered additional briefing. In its jurisdictional brief, On Command Video agreed to give up its claim to punitive damages for fraud but *not* the theory of liability itself. As far as jurisdiction is concerned, therefore, it conceded nothing. And it conceded nothing at a hearing before the district court where the parties and the district court discussed what they could do if we dismiss the appeal—whether this case is appropriate for a Rule 54(b) judgment, for instance. In short, On Command Video has understood for months that for us to have jurisdiction now, it would need to give up its fraud claim. It has shown no willingness to do so. We are not going to take this case to argument to find out whether, after hearing Roti's argument, it has changed its position.

Without a clear final judgment, we cannot hear this case. The argument scheduled in this appeal is VACATED and the appeal is DISMISSED.