In the

# United States Court of Appeals

### For the Seventh Circuit

---

No. 15-1729

RAHIM MCWILLIAMS,

*Plaintiff-Appellant,*

*v.*

COOK COUNTY, ILLINOIS, et al.,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division
No. 15 C 0053 — **Samuel Der-Yeghiayan**, *Judge.*

---

SUBMITTED DECEMBER 12, 2016 — DECIDED JANUARY 5, 2017[*]

---

Before KANNE, WILLIAMS, and HAMILTON, *Circuit Judges.*

PER CURIAM. Rahim McWilliams, who is now incarcerated in the Illinois Department of Corrections, broke a bone in his right hand after slipping and falling on a wet floor

---

[*] We have agreed unanimously to decide this case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

while detained at the Cook County jail in Chicago. In this
action under 42 U.S.C. § 1983 and Illinois law, McWilliams
claims that employees at both the county jail and the state
Department of Corrections deliberately ignored his injury
until after it was too late to prevent permanent disfigure-
ment and pain. McWilliams also claims that his fall resulted
from staff negligence at the county jail. His operative com-
plaint identifies the intended defendants to include Cook
County and unnamed physicians and guards, but the law-
suit never proceeded because the district court, after twice
denying an application from McWilliams to proceed
in forma pauperis ("IFP"), dismissed the action for failure to
pay the filing fee. We authorized McWilliams to proceed
with this appeal IFP, and we agree with him that the district
court abused its discretion in denying leave to proceed IFP.

**I. Background**

For both of his IFP applications in the district court,
McWilliams used a form provided by the clerk's office for
the Northern District of Illinois. That form includes a line,
with checkboxes, constituting the applicant's representation
that the form is his or her "application □ to proceed without
full prepayment of fees, or □ in support of my motion for
appointment of counsel, or □ both." The form, which says
nothing about the need to file a separate motion if the assis-
tance of counsel is desired, also asks prisoner applicants to
provide an inmate identification number, the name of the
applicant's institution, and records from the applicant's in-
mate trust account. McWilliams checked the third box, indi-
cating that his application was in support of "both" leave to
proceed IFP and appointment of counsel. He answered all of
the questions on the form, except that he omitted his identi-

fication number and the name of the prison (both of which appear prominently on his complaint submitted contemporaneously with the IFP application, as well as in the trust officer's certification incorporated into the IFP application). On the IFP form, where McWilliams was asked if he or anyone living in the same residence had received "more than $200" from "other sources" not specifically listed on the form, he checked "yes" and explained that "Brittany Smith" had "received" a "donation" of $188. The district court denied IFP with the explanation, first, that McWilliams, by omitting his prisoner number and the name of the facility, had "failed to provide sufficient or accurate information." The court also faulted McWilliams because, according to the court, he had "received $188 in gifts," yet the statement from his prison trust fund "does not reflect any such income." The district court did not acknowledge that McWilliams actually had said on his application that the $188 (an amount below the reporting threshold) was donated to Brittany Smith, not to him, and neither did the court explain its apparent belief that the $188, even if received in a lump sum by Smith, had been, or was required to be, deposited into McWilliams's trust account. The court ordered McWilliams either to pay the filing fee or submit an "accurately and properly completed" application for IFP within the next month to avoid dismissal. In addition, the court said that it was denying McWilliams's "motion for attorney assistance," even though no such motion had been filed.

McWilliams then submitted a second IFP application, along with a first motion for appointment of counsel. This time he provided his inmate identification number and the name of the prison where he was incarcerated, but instead of checking "no" in response to every question about sources of

funds, he said that he was not employed and wrote "N/A" across the remaining questions. On the IFP application the prison trust officer certified that McWilliams had $106.85 in his account and had received an average of $73.73 in the four months since his transfer to that facility. In his motion for appointment of counsel, McWilliams explained that he "has limited formal education of a fourth grader" and was dependent on help from other inmates. He also submitted a list of the law firms and legal-aid organizations he had asked to represent him. The district court denied the IFP application because McWilliams had written "N/A" instead of answering "no" to each specific question. The court then struck McWilliams's motion for appointment of counsel as moot and dismissed the action.

## II. Analysis

The district court erred. As we have noted, the information purportedly missing from McWilliams's first IFP application was already in the court's hands, not only on his contemporaneously filed complaint but also in the trust officer's certification incorporated into the IFP application. And the court's conclusion that the application was inaccurate simply because McWilliams's trust account did not show a deposit of $188 is unpersuasive; even if that amount was donated to McWilliams and not to Brittany Smith (as the form says), nothing suggests that the funds were received in a lump sum. More importantly, we are not aware of any requirement that all financial resources available to an inmate be deposited into his or her trust account. What matters is disclosure; a district court may dismiss a complaint if a plaintiff's allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), but the court here did not point to anything

untruthful about McWilliams's submission. *See Arzuaga v. Quiros*, 781 F.3d 29, 34 (2d Cir. 2015) (noting that § 1915 "does not mandate that a prisoner proceeding IFP must disclose every deposit he or she receives in her prisoner trust account"). In this instance the plaintiff disclosed an amount below the $200 reporting threshold listed on the form—and for that candor he was penalized. As for McWilliams's second application, moreover, the meaning of "N/A" on the form could not have been unclear given his first application.

That McWilliams was indigent and qualified to proceed IFP is apparent from the two applications he submitted to the district court. This case should have proceeded nearly two years ago, and unless significant financial resources have become available to McWilliams since we granted his application to proceed IFP on appeal, the district court must grant IFP and move the case forward. On remand the district court should take up McWilliams's request for counsel, since identifying the correct defendants through discovery will be a critical first step in the litigation.

### III. Conclusion

The judgment is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.