**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019[*]
Decided April 11, 2019

*Before*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2832

| | |
|---|---|
| JOHN E. SMITH, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:17-cv-01237-JPG-DGW |
| CRAIG ASSELMEIER, *Defendant-Appellee.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

John Smith, an Illinois inmate, sued Dr. Craig Asselmeier, a dentist at Menard Correctional Center in Chester, Illinois, under 42 U.S.C. § 1983 for violating the Eighth Amendment by deliberately disregarding his medical needs. The district court granted Dr. Asselmeier's motion for summary judgment because Smith failed to exhaust his administrative remedies. Because that process was available to Smith and he ignored it, we affirm.

---

[*] Dr. Asselmeier has moved the court for oral argument, but we deny the motion and decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Dissatisfied with his dental care in August 2017, Smith filed an "emergency" grievance with the warden at Menard the following month. The warden promptly advised Smith that the grievance did not describe an emergency and told him that he "should submit th[e] grievance in the normal manner." That process required Smith to contact a grievance counselor. Smith did not do so. Instead, he appealed to the Administrative Review Board, which also directed him to follow the normal grievance procedure and to provide the responses from his grievance officer and the warden.

Rather than follow the normal grievance process, Smith turned to federal court. Dr. Asselmeier later moved for summary judgment, arguing that Smith had not exhausted his administrative remedies, as required by the Prison Litigation Reform Act, *see* 42 U.S.C § 1997e; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Dr. Asselmeier observed that the state had amended title 20 of the Illinois Administrative Code, effective April 1, 2017, to add subsection (c) to section 504.840:

> If the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process.

ILL. ADMIN. CODE tit. 20, § 504.840(c). (As "the highest ranking official" at Menard, the warden is its "Chief Administrative Officer." *See id.* § 504.12.) Dr. Asselmeier argued that this amendment renders inapplicable our decision in *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). There, we had stated that "nothing in the current regulatory text … requires an inmate to file a new grievance after learning only that it will not be considered on an emergency basis." The district court agreed with Dr. Asselmeier, entered summary judgment, and dismissed the case without prejudice.

As an initial matter, Dr. Asselmeier argues that we do not have jurisdiction over this appeal because the district court dismissed the case without prejudice. Although a non-prejudicial dismissal is generally not appealable, we have jurisdiction if the district court did not anticipate any curative amendments to the complaint and the dismissal "ends the suit so far as the district court is concerned." *Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018) (quoting *Taylor-Holmes v. Office of Cook Cty. Pub. Guardian*, 503 F.3d 607, 610 (7th Cir. 2007)). That occurred here: the district court said that it was finished with the suit when it dismissed the case and directed the clerk to enter judgment and terminate the case. Thus, our jurisdiction is secure. *See Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Kowalski*, 893 F.3d at 994.

On the merits, we review de novo a dismissal for failure to exhaust. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). Smith argues that the language of the new subsection (c) does not require a conclusion that he did not exhaust his administrative remedies. He contends that section 504.840(c) is permissive, not mandatory, because it says that, if the warden decides that a grievance is not an emergency, an inmate "*may* resubmit the grievance" through the normal procedure. ILL. ADMIN. CODE tit. 20, § 504.840 (emphasis added). But as the district court correctly explained, the exhaustion question is not whether the Code *requires* inmates to resubmit the grievance, but whether the Code makes resubmission *available*. *See* 42 U.S.C. § 1997e; *Woodford*, 548 U.S. at 85. The entire grievance process is permissive unless the inmate intends to pursue relief in a court. *See Pyles*, 829 F.3d at 864. Because the Code provided a process through which Smith could submit a non-emergency grievance, he had an available remedy that he needed to exhaust before filing this suit. *See id.*

Smith offers two replies, neither persuasive. First, he argues that his suit should not be dismissed because he did not know that he was required to go through the normal grievance process before filing this suit. But the record indisputably refutes that contention. The warden and Administrative Review Board both responded to his "emergency" grievance by telling him to use the normal process. We have long required that inmates properly exhaust all available steps that have been made known to them, and the prison made the normal process known to Smith. *See Pyles*, 829 F.3d at 864; *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Second, Smith contends that he could not file a normal grievance after receiving the Board's decision because he received it more than 60 days after his dental visit in August and therefore could no longer comply with the 60-day filing deadline. *See* ILL. ADMIN. CODE, tit. 20, § 504.810(a). But well before those 60 days had elapsed, the warden's response informed him that the normal procedure was available to him. In any case, even if Smith had received a response only from the Board, the normal process allowed him to submit a grievance after the 60-day deadline and argue that "good cause" excused his tardiness. *See id.* But he may not avoid the exhaustion requirement by simply ignoring available process. *See Woodford*, 548 U.S. at 87, 93–94, 103.

AFFIRMED