**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2020[*]
Decided March 16, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-1925

| | |
|---|---|
| YVES M. MABONEZA, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 2:19-cv-02044-CSB |
| OFFICER KINCAID, *et al.,* *Defendants-Appellees.* | Colin S. Bruce, *Judge.* |

**O R D E R**

Yves Maboneza, an Illinois prisoner, applied to proceed in forma pauperis ("IFP") in his federal lawsuit under 42 U.S.C. § 1983 alleging that, because he is "a tutsi true man of God," several prison guards orchestrated his assault by a fellow prisoner. The district court denied his request, reasoning that he had received too much income in the preceding six months to be considered indigent. After Maboneza failed to timely

---

[*] The defendants-appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

pay the full filing fee, the court dismissed his case without prejudice. We conclude that the district court permissibly found that Maboneza was not indigent, so we affirm.[1]

On his IFP application, Maboneza declared that he was currently incarcerated, had no financial obligations and no money in checking or savings accounts, and had received no income, including gifts, in the past twelve months. As required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), Maboneza attached a certified statement from his prison trust account showing his "funds available" and the charges that he had made during the previous six months. The statement revealed that, although his account balance at the time of filing was $0.75, Maboneza had received approximately $200 per month from his family during the past six months and spent it on phone calls and commissary items.

The district court denied Maboneza's application because his account ledgers showed that he received "more than $1,500 in the past six months." The court directed Maboneza to pay the $400 filing fee in full or face dismissal of his suit. One week before the fee was due, Maboneza requested to pay the filing fee in installments (which is what occurs when a court grants IFP status to a prisoner, 28 U.S.C. § 1915(b)(1)), explaining that he did not have $400 and that his family could not come up with the money without facing substantial hardship. He further explained that his family provided him with $200 monthly for phone use and daily necessities. The court denied this motion, reiterating that money from family "is considered income for purposes of determining whether Plaintiff is indigent." After Maboneza failed to pay the full filing fee within the allotted time, the court dismissed his case without prejudice.

Maboneza moved for reconsideration. He explained that he had received only $1,242, not $1,500, over the prior six months and that he had not intended to mislead the court—he had not seen a place on the IFP application to record support from family members, but he provided account ledgers that accurately reflected the deposits. The court denied the motion for two reasons: even if he received only $1,200 over the past six months, he was not "indigent," and by checking the "no" box, he had untruthfully

---

[1] Despite dismissing the complaint "without prejudice" the district court made plain that it was "finished with" the case, *Taylor-Holmes v. Office of Cook Cty. Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007), including by declaring it "closed." (This despite its specific direction for the clerk *not* to enter judgment.) We therefore have appellate jurisdiction. *See Waypoint Aviation Servs. Inc. v. Sandel Avionics, Inc.*, 469 F.3d 1071, 1073 (7th Cir. 2006).

denied receiving any gifts over the past six months. Maboneza attacks both of those reasons on appeal, and we review the district court's decision for an abuse of discretion. *See McWilliams v. Cook Cty.*, 845 F.3d 244, 246 (7th Cir. 2017).

First, Maboneza argues that he did not intend to mislead the court by checking "no" next to gifts; it was an accident, and an inconsequential one at that because he provided the district court with accurate account ledgers. We agree with him that the district court's emphasis on his purported misrepresentation was improper. If an IFP applicant lies on his court-provided form, the appropriate sanction is dismissal of his case, not denial of his application. *See* 28 U.S.C. § 1915(e)(2)(A). And this case would not justify that sanction because the court never determined that Maboneza's misrepresentation was intentional. *See Robertson v. French*, 949 F.3d 347, 352 (7th Cir. 2020) (only deliberate misrepresentations warrant dismissal). Moreover, dismissal is not appropriate when information is missing from an application form but is nonetheless "already in the court's hands." *McWilliams*, 845 F.3d at 247. Because Maboneza's account ledgers allowed the court to consider the income he received from his family, his failure to mark on the form that he had received these gifts was inconsequential.

Maboneza also contends that the district court erroneously concluded that he was not indigent—"unable to pay," in the words of the statute—because, with no prison job and only $200 per month in income, he could not possibly come up with $400 in less than a month. But the district court did not abuse its discretion in concluding otherwise. Federal law requires district courts to determine whether a prisoner has shown that he is unable to pay the required fee up front. 28 U.S.C. § 1915(a)(1). The applicant need not show that he is "absolutely destitute," but must represent that, because of his poverty, he is unable to pay court fees and costs while also providing necessities for himself and his dependents. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Courts have broad discretion in assessing the sufficiency of an applicant's evidence of poverty, especially when it comes to prisoners, who have fewer demands on their income because prisons provide them with food, clothing, shelter, and medical care. *See Kennedy v. Huibtregtse*, 831 F.3d 441, 443 (7th Cir. 2016).

Here, based on its review of Maboneza's application and account ledgers, the district court determined that he had sufficient income to pay the entire filing fee up front. And that prediction bore out: Maboneza received $820—twice the amount of the filing fee—during the two months between filing his complaint and the deadline set by the court. *See Sultan v. Fenoglio*, 775 F.3d 888, 890–91 (7th Cir. 2015) (subsequent developments in an inmate's finances are material to the IFP determination when they

suggest that the prisoner is seeking to avoid assessment of a greater filing fee). That Maboneza spent his income on phone calls and commissary items does not necessitate a finding of indigence. *Cf. Lucien v. DeTella*, 141 F.3d 773, 774–75 (7th Cir. 1998) (prisoner who spent money on clothing and sundries not entitled to forgo filing fee).

Maboneza further argues that the court should have considered that he qualifies as an indigent person under Illinois law. *See* 735 ILCS 5/5-105(a)(2)(ii) and (iii). But federal courts have no specific standard of poverty to apply to those seeking IFP status. *See generally* 28 U.S.C. § 1915. Our construction of "unable to pay" is discretionary. *See Kennedy*, 831 F.3d at 443. Congress could have tied determinations of indigence to the laws governing state court proceedings, or set its own standard, but it did not. Nothing stops a district judge from considering a state's indigence guidelines in its discretion, but those standards are not binding in the federal courts.

AFFIRMED