NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020[*]
Decided March 20, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3455

| | |
|---|---|
| CRAIG A. CHILDRESS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 17-4073-CSB |
| RYAN KERR, et al.,<br>    *Defendants-Appellees*. | Colin S. Bruce,<br>*Judge*. |

## O R D E R

Craig Childress applied for, and was granted, leave to proceed in forma pauperis (IFP) in his civil rights case. More than a year later, the district court dismissed the suit with prejudice, concluding that Childress had lied on his IFP application and failed to update the court when his financial situation improved. Because this sanction was not an abuse of discretion, we affirm the judgment.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

When Childress was civilly detained at the Treatment and Detention Facility in Rushville, Illinois, he sued several staff members for violating his constitutional rights. Specifically, he alleged that the staff ignored his medical needs as a paraplegic and used excessive force against him because he won a $5,001 jury verdict in a different case against the facility. *See Childress v. Ashby*, No. 13-3074 (C.D. Ill. Feb. 3, 2017).

In his IFP application, Childress attested that he had no assets or income with which to pay the filing fee, omitting any reference to his damages award. At the time, he had not received the award because post-judgment motions were pending. The court granted Childress's application and did not assess an initial partial filing fee.

About seven months later, Childress reached a $5,777 settlement agreement in a case against another facility where he had been confined previously. *See Childress v. Bates*, No. 12-cv-1230 (S.D. Ill. Oct. 18, 2017). Childress did not receive the settlement proceeds right away, and his attorney told him that he might wait a year before he would be able to cash a check. Childress did not report the settlement to the court.

Finally, more than a year after he submitted his IFP application, Childress received—in his personal bank account—his share (after attorney's fees) of the payment from the jury award. In the interim, he had been conditionally released from the Rushville facility and had begun receiving supplemental security income based on his disability. Childress did not update his IFP application to reflect his receipt of either the damages check or the disability benefits.

The defendants learned of Childress's improved finances and moved to dismiss the case with prejudice under 28 U.S.C. § 1915(e)(2)(A). They argued that Childress committed a fraud on the court by omitting the information about the jury verdict on his IFP application and by failing to update the court when he reached the settlement agreement or received the damages. The defendants attached two receipts, showing that the Illinois Comptroller's Office had issued Childress a check for the damages and that the settlement check was pending in their office. The defendants also submitted two receipts from Childress's former attorney, showing that she deposited Childress's share of the damages award (more than $3,000) into his personal bank account. They submitted no evidence to show when the $5,777 settlement amount arrived in Childress's personal bank account (or if it ever did).

In response, Childress argued that he had not intentionally lied about his ability to pay the court fees. He averred that he was "transparent" about the jury verdict

because he referenced it in his complaint. (The complaint alleged that the $5,001 jury verdict had sparked the unconstitutional acts.) He explained that he did not include it on his IFP application because post-judgment motions were pending and he was not sure when, if ever, he would receive the payment. As for the money deposited into his bank account—the damages award and, perhaps, the settlement—Childress insisted that the Illinois Department of Human Services controlled his finances as a condition of his release from the Rushville facility. Without control over the funds in his account, Childress argued, he could not have used them to pay court fees. As evidence of this condition, he submitted a letter from the agent overseeing his conditional release. The letter explains that the state would subsidize Childress's finances until he could support himself and that it had the right to access "any requested financial information which may include accounting for all monies received/earned and spent."

The district court granted the motion and dismissed the action with prejudice as a sanction. It concluded that Childress "misled and committed a fraud on the court" when he "purposefully and improperly avoided disclosing the award" on his IFP application and when he later neglected to report the payments from his damages award, settlement, and disability benefits. The latter had come to the court's attention when, during the pendency of the motion to dismiss, another district judge had revoked Childress's IFP status and dismissed his suit for failing to disclose the same jury verdict, settlement payments, and disability benefits at issue here. *See Childress v. Hougas*, No. 15-3166 (C.D. Ill. Aug. 30, 2018). "Even if the Court were willing to forgive" Childress's failure to disclose the jury award initially, the court continued, Childress still breached his duty to keep the court informed of his financial status.

On appeal, Childress argues that the court erred in finding that he intentionally lied on his IFP petition by not including the anticipated jury award. He also repeats his contention that he had no control over his money and, therefore, that his indigence had not changed. We review the district court's factual findings for clear error and its decision to dismiss with prejudice for an abuse of discretion. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002).

We agree with Childress that the district court erred in finding that he lied on his initial IFP application. Under § 1915(e)(2)(A), a court "shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." But an allegation of poverty is "untrue" only if the statement was "a deliberate misrepresentation," meaning it was "'dishonest' or 'false' rather than simply 'inaccurate.'" *Robertson v. French*, 949 F.3d 347, 349, 351 (7th Cir. 2020). Specifically, an IFP plaintiff need not report

future income on an IFP application when he has no access to that money and cannot use it to pay the filing fees. *Id.* at 352. And nothing in the record hints that Childress's omission was in bad faith: he disclosed the jury verdict on his complaint and submitted letters from his attorney confirming that post-judgment motions delayed receipt of the award. *See id.* at 351 (even if disclosing future income were required, the court would "need to decide whether his omission made his affidavit of poverty … 'dishonest' or 'false'"). Because the complaint disclosed the amount of the jury award, that information was "in the court's hands"—not intentionally concealed from it. *See McWilliams v. Cook Cty.*, 845 F.3d 244, 247 (7th Cir. 2016).

Even so, the court had an alternative basis for dismissal. Although the IFP statute does not expressly impose an ongoing duty to keep the district court apprised, our precedent suggests that Childress should have reported changes to his financial situation. In *Thomas*, we affirmed the court's decision to dismiss the case under § 1915(e)(2)(A) in part because the plaintiff did not update his IFP petition when he received a lump-sum disbursement of retirement funds, which totaled over $50,000. 288 F.3d at 306. The amount in question here is far less, but there is no doubt that Childress's financial outlook improved a year after he filed suit, and Childress did not supply the district court with the information needed to determine whether "at any time," the allegation of poverty was untrue. Further, the district court was entitled to conclude that paying for the lawsuit should have been a priority. *See generally Lucien v. DeTella,* 141 F.3d 773, 776 (7th Cir. 1998) (prisoner not entitled to prioritize personal spending over filing fee).

Further, the court did not clearly err in concluding that Childress purposefully neglected to report his disability benefits, the damages award, and his subsidized living costs. Childress failed to substantiate his excuse that he had no access to his money. Bank statements and the receipt from Childress's former counsel show that the attorney withdrew fees from Childress's jury award and deposited the remainder—more than $3,000—into Childress's personal account the following month. And Childress offered no evidence that a condition of his release required forfeiting control over his finances to the state. The letter he submitted for that purpose demonstrated only that the state subsidized his living expenses and therefore could review his finances and receipts. Further, Childress never told the court that his living expenses were covered as a condition of his release, which may have altered the court's calculus of his indigence. *See, e.g., Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) (assets otherwise "consistent with poverty" were "misleading" in part because state provided plaintiff, a prisoner, with food, clothing, shelter, and medical care).

Because the district court permissibly found that Childress purposely failed to inform the court of his improved financial situation, we AFFIRM the judgment.