NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 10, 2020
Decided December 9, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1486

| | |
|---|---|
| NOTRE DAME AFFORDABLE HOUSING, INC., *et al.*,    *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:18-cv-8116 |
| CITY OF CHICAGO, *et al.*,    *Defendants-Appellees*. | Charles R. Norgle, *Judge*. |

**O R D E R**

All parties invoking a federal court's jurisdiction must demonstrate an injury in fact as one part of establishing standing to sue under Article III. When plaintiffs cannot show such an injury, the court lacks authority to proceed further and must dismiss the action, as happened here. Notre Dame Affordable Housing and its principal officer, Charlene Marsh, asserted ownership of a parcel of property in Chicago and sued the City and others for demolishing a building on that land. The district court dismissed the plaintiffs' claims because neither Notre Dame Affordable Housing nor Marsh proffered evidence showing any interest in the property, so neither could show injury due to the demolition. We agree and affirm.

# I
## A

Sometime around December 2017, the City of Chicago approved the demolition of a building located on a parcel of property covering 7954 to 7958 South Halsted Street and 808 to 810 West 80th Street in Chicago. Notre Dame Affordable Housing, Inc., a not-for-profit corporation dedicated to assisting veterans, asserted it owned the property and planned to refurbish the building to create subsidized housing for homeless veterans. After learning of the demolition, Notre Dame's principal officer Charlene Marsh filed a claim for compensation with the City's Law Department. Claims Specialist Dennis Rafael responded to Marsh on behalf of the City Claims Unit, advising that the City had investigated the asserted loss and denied the claim.

Notre Dame Affordable Housing and Marsh then filed suit in federal court against the City, the Commissioner and Deputy Commissioner of the City's Department of Buildings, the private company that demolished the building, and unknown John and Jane Doe defendants, raising eleven federal and state law claims. The City moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court allowed the plaintiffs to file an amended complaint. The City once again moved to dismiss the first amended complaint, and the plaintiffs once again received permission to amend their complaint to add new claims against Dennis Rafael and his employer, Corvel Corporation.

The plaintiffs' second and final amended complaint raised fifteen counts relating to the demolition: six counts of race discrimination against Marsh in violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986 and the Equal Protection Clause; two counts by Notre Dame Affordable Housing alleging an unconstitutional taking and violation of substantive due process; and seven counts under state law.

The City then moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and alternatively under Rule 12(b)(6) for failure to state a claim. Pointing to Cook County property records, the City argued that Notre Dame held no interest in the property and therefore lacked standing to challenge its demolition. A search of the chain of title, the City explained, revealed that the last conveyance of good title occurred in 1972 and transferred the property from Thomas Woelfle to LaSalle National Bank. The search also produced the deed that allegedly vested Notre Dame with property rights: a quitclaim deed to the property from Leroy Singleton to Notre Dame Affordable Housing dated June 3, 2014. But because there was no valid conveyance of the property to Singleton in the first place, his quitclaim deed to Notre Dame Affordable Housing conveyed no legal rights. The City attached to its motion certified

copies of the 1972 land trust deed to LaSalle National Bank and the 2014 quitclaim deed from Singleton to Notre Dame Affordable Housing.

B

The district court agreed with the City and determined that Notre Dame and Marsh failed to demonstrate the requisite injury in fact to establish Article III standing. The only proof of Notre Dame's ownership, the district court found, came in the quitclaim deed from Leroy Singleton in June 2014—a conveyance that only transferred whatever interest Singleton possessed. The district court then emphasized that the plaintiffs, when confronted with the records submitted by the City in support of its motion, offered no evidence showing that Singleton ever acquired a legal interest in the South Halsted Street property. This failure, the district court concluded, required dismissal of plaintiffs' claims for lack of standing. Lacking subject matter jurisdiction, the court did not proceed to the merits of plaintiffs' claims and instead dismissed the action without prejudice.

Notre Dame Affordable Housing and Marsh now appeal.

**II**

A

We begin, as we must, by confirming our own jurisdiction to consider this appeal. A dismissal without prejudice is ordinarily not a final judgment amenable to appellate review under 28 U.S.C. § 1291, but it may be an appealable final order if it "ends the suit so far as the district court is concerned." *Taylor-Holmes v. Off. of Cook County Pub. Guardian*, 503 F.3d 607, 610 (7th Cir. 2007); see *Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018).

The necessary finality is present here: in dismissing the action, the district court not only entered a Rule 58 judgment, but also directed that the civil case was "terminated." All of this occurred after plaintiffs had filed two prior complaints. See *Gleason v. Jansen*, 888 F.3d 847, 852 (7th Cir. 2018) ("When it is clear that the district court is finished with a particular case and that nothing can be done to revive it, the judgment is final."). These indicia of finality allow us to review whether the district court properly concluded that the plaintiffs failed to show any legal interest in the South Halsted Street property and thus any injury caused by its demolition. See *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (explaining that a plaintiff, to establish Article III standing, must demonstrate an injury in fact that is traceable to the defendant's acts and capable of being redressed by the requested relief).

B

The injury in fact component of standing requires showing "an invasion of a legally protected interest"—a concrete and particularized injury that is actual or imminent. *Id.* As the parties invoking federal jurisdiction, the plaintiffs shoulder the burden of establishing each element of Article III standing. See *id.* at 561. For its part, the City was entitled to present facts and evidence showing that Notre Dame Affordable Housing lacked any interest in the property. See *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017); see also *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009) (explaining the requirements for a factual challenge to the plaintiffs' standing). Indeed, we have long emphasized that "if the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth." *Apex Digit.*, 572 F.3d at 444 (quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)). Once defendants call a plaintiff's standing into question, the presumption of correctness usually accorded to a complaint's allegations falls away and "the plaintiff bears the burden of coming forward with competent proof that standing exists." *Id.*

C

The district court adhered to these principles and correctly concluded that Notre Dame Affordable Housing and Marsh failed to demonstrate any injury. Notre Dame alleged that it held a quitclaim deed to the South Halsted Street property and the City's demolition interfered with its ownership rights and reduced the property's value. For her part, Marsh claimed she lost the value of property improvements that she paid for and alleged that defendants discriminated against her because of her race by demolishing the property and refusing her claim for compensation.

But the City responded by coming forward with evidence from certified public records contradicting Notre Dame's assertion of any property ownership. Under Illinois law, a quitclaim deed only transfers what the grantor could lawfully convey. See 765 ILCS 5/10. Records from the Cook County Recorder of Deeds office showed that Singleton never received a valid conveyance of the South Halsted Street property, so he had no legal interest to transfer to Notre Dame in a quitclaim deed. Notre Dame and Marsh failed to offer any evidence undermining the City's showing.

This failure to demonstrate a valid legal interest in the South Halsted Street property is fatal. Without an interest in the property, plaintiffs cannot maintain an injury from the City's demolition of a building on that land. And without a demonstrated injury in fact, the district court lacked jurisdiction under Article III.

None of the arguments the plaintiffs put forth can overcome a lack of injury. Standing is a jurisdictional requirement necessary to vest a federal court with constitutional authority. See *Lujan*, 504 U.S. at 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). It cannot be created by estoppel or waived. See *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) ("[J]urisdiction otherwise lacking cannot be conferred by consent, collusion, laches, waiver, or estoppel."). Notre Dame also argues that, even if it lacked an ownership interest at the time of the demolition, the City's failure to provide notice of the demolition deprived it of the opportunity to intervene to stall the action and thus constituted an injury. Not so, for the plaintiffs cannot assert that a lack of notice caused an injury to a legally protected interest if they had no legal rights in the property demolished in the first instance.

Each of the claims raised in the complaint relates to the allegedly wrongful demolition of property. Unless the plaintiffs show they suffered an injury from the demolition—which they cannot do without demonstrating an interest in the South Halsted Street property—they lack standing to assert any of their claims in federal court. As the district court lacked subject matter jurisdiction under Article III, it was correct to dismiss the case pursuant to Rule 12(b)(1) for want of jurisdiction.

We therefore AFFIRM.